KING LUMBER & OIL CO., Petitioner, *v.* COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 9695.     Decided September 30, 1926.

The depreciated cost of machinery discarded during the year *held* a proper deduction from gross income for such year.

*Lewis L. Davis, C. P. A.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

Proceeding for the redetermination of deficiency in income and profits tax for the fiscal year ended May 31, 1920, in the amount of $647.70, only a portion of which amount is in controversy. The petitioner claims the deduction from gross income of the depreciated cost of four steam-jacketed cookers discarded during the year.

FINDINGS OF FACT.

The petitioner is a Georgia corporation organized in 1909 for the purpose of operating a saw mill, cotton seed oil mill, and cotton gin. In the equipment of its cotton seed oil mill it acquired in 1910, at a cost of $2,500, four 54-inch steam-jacketed cookers. Each cooker consisted of a cast iron kettle, circular, with a cast iron jacket around it weighing from 1,200 to 2,000 pounds. These cookers had a life in use of approximately 20 years. In years prior to 1919 the petitioner was allowed depreciation upon them at the rate of 5 per cent per year. In 1920 a more efficient cooker had been placed upon the market. Accordingly, the petitioner purchased one of the new cookers during the fiscal year ended May 31, 1920, paid therefor the amount of $4,125, and discarded the four 54-inch steam-jacketed cookers which had been in use since 1910. There was no market for the discarded cookers and they were simply thrown out as junk. They are still on the petitioner's premises. The thermostatic cooker gives a better grade of oil and a larger amount from the same quantity of cotton seed.

In its income-tax return for the fiscal year under review, the petitioner claimed as a deduction from gross income as an expense of operation the $4,125 paid for the thermostatic cooker. This amount was disallowed as a deduction from gross income by the Commissioner on the ground that it was an improvement. In this proceeding the petitioner claims the deduction from gross income of the depreciated cost of the four steam-jacketed cookers discarded. The depreciated cost of these cookers was $1,375.

OPINION.

SMITH: Section 234(a) of the Revenue Act of 1918 permits a corporate taxpayer to deduct from gross income:

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise.

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

At the beginning of the fiscal year ended May 31, 1920, the petitioner had in its equipment four steam-jacketed cookers which had cost it in 1910 $2,500. These cookers had a value on March 1, 1913, of approximately $2,200. The petitioner's books of account do not show the cost of the cookers separately from the cost of other equipment. The cost was, however, included in the machinery and equipment account. The depreciated cost of this asset at the beginning of the fiscal year under review was $1,375. The salvage value was negligible. In our opinion the petitioner sustained a loss when he discarded these cookers of the depreciated cost of them, or $1,375.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*